# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

CARAVELS, LLC, d/b/a )
GEORGIA TRANSFORMER, d/b/a )
VIRGINIA TRANSFORMER CORP., )
                         )
       Plaintiff, )
                         )
v. )                CV420-110
                         )
ATS LOGISTICS SERVICES, INC., )
DEMASE TRUCKING CO., INC., )
a/k/a DEMASE WAREHOUSE )
SYSTEMS, INC., and BAY CRANE )
SERVICE OF LONG ISLAND, INC., )
                         )
       Defendants. )

## ORDER

This case concerns damages to a transformer manufactured by plaintiff Caravels, LLC at its Rincon, Georgia facility. *See* doc. 1-1. The defendants in this case were responsible for various aspects of the shipping and delivery of that transformer to plaintiff's client in New York. *See* doc. 1-1 at 6-7, 11-12. Defendant ATS Logistics Services, Inc. removed this case from the State Court of Effingham County, Georgia. *See* doc. 1 (Notice of Removal). Thereafter, defendants Demase Trucking Co.[1] and ATS filed

---

[1] The Court will refer to the defendant as "Demase," but its pleadings inconsistently refer to it as "Demase" and "DeMase." *Compare, e.g.,* doc. 6 (Defendant's Motion to

motions to dismiss the state court complaint. Docs. 5 & 6. Apparently in response to those motions, Caravels moved to amend its complaint. Doc. 8. Also pending are several motions related to defendant Bay Crane Service of Long Island, Inc.'s assertion that this Court lacks personal jurisdiction. *See* doc. 21 (Bay Crane's Motion to Dismiss), doc. 22 (Plaintiff's Motion to Strike), doc. 29 (Bay Crane's Motion to Transfer). Finally, ATS and Demase seek a stay of discovery pending resolution of the dispositive motions. Doc. 40. Plaintiff opposes the stay. Doc. 43.

As discussed more fully below, the merit of the motions to dismiss and the motion to amend the complaint turn on the viability of state-law claims in the face of federal preemption standards. Since plaintiff's Motion to Amend its complaint recognizes, at least implicitly, that several claims asserted in the original state-court complaint are preempted by federal statutes, at least some of the arguments raised in defendants' respective motions to dismiss are moot. In the interest of judicial

---

Dismiss, referring to "Defendant Demase Trucking Co., Inc."), *with* doc. 23 (Defendant's opposition to plaintiff's proposed amendment referring to "DeMase"). Defendant's most recent filings only compound the inconsistency. *See* doc. 46 at 7 (referring to both "DeMase" and "Demase").

economy, therefore, the Court proceeds to consider whether plaintiff should be permitted to amend its complaint.

The complaint plaintiff filed in the state court includes ten causes of action: (1) a negligence claim against ATS, (2) a breach of contract claim against ATS, (3) a claim against ATS under the "Carmack Amendment," codified at 49 U.S.C. § 14706, *et seq.,* (4) a breach of contract claim against Demase, (5) a negligence claim against Demase, (6) a Carmack Amendment claim against Demase, (7) a breach of contract claim against Bay Crane, (8) a negligence claim against Bay Crane, (9) a claim asserting that the three defendants can be deemed joint tortfeasors under a state-law theory of *res ipsa loquitor*, and (10) a claim for attorney's fees. ATS has moved to dismiss several of the state-law claims against it on the grounds that those claims are preempted by the Federal Aviation Administration Authorization Act of 1994, specifically 49 U.S.C. § 14501(c)(1). *See* doc. 5 at 16-20. ATS also argues that, because of its role in the transaction at issue, plaintiff's Carmack Amendment claim against it should be dismissed. *See id.* at 23-24. Demase, for its part, concedes that plaintiff's Carmack Amendment claim against it is properly pleaded,

but that the state-law claims are preempted by the Carmack Amendment *and* the FAAAA. *See* doc. 6 at 1-2.

Shortly after defendants filed their respective motions to dismiss, plaintiff moved to amend its complaint. *See* doc. 8. Plaintiff seeks to amend either as a matter of course, pursuant to Federal Rule of Civil Procedure 15(a)(1), because the motions to dismiss were not properly served, or with the Court's leave, pursuant to Rule 15(a)(2). *See generally*, doc. 8. The proposed amended complaint adds jurisdictional allegations, background facts, and specific damages allegations. *See* doc. 8-1 at 3-8. However, it substantially alters the claims asserted against the defendants. None of the state-law negligence claims remain. The claims that do remain are (1) a breach of contract claim against ATS, (2) a breach of contract claim against Demase, (3) a Carmack Amendment claim against ATS and Demase, (4) a breach of contract claim against Bay Crane, and (5) a negligence claim against Bay Crane. *Id.* at 8-15.

ATS has not responded to the motion to amend. *See* S.D. Ga. L. Civ. R. 7.5 ("Failure to respond within the applicable [fourteen-day] time period shall indicate that there is no opposition to a motion."); *see also* doc. 26 at 2 (noting ATS's lack of opposition to amendment). The Court

4

construes ATS's silence as conceding that, regardless of its contention that the Carmack Amendment claim against it is subject to dismissal, the amendment including that claim is proper.[2]   Demase has responded in opposition on the grounds that the amendment is futile.  *See* doc. 23 at 4. In light of ATS constructive consent, whether plaintiff is permitted to amend its complaint depends upon whether Demase is correct that the amendment is futile.

Amending pleadings, prior to a scheduling order's deadline, is governed by Federal Rule of Civil Procedure 15.  As relevant here, the Rule permits amendment of a complaint, *i.e.*, a pleading "to which a responsive pleading is required," within 21 days after service of a responsive pleading or a motion under one of several enumerated subsections of Rule 12.  Fed. R. Civ. P. 15(a)(1)(B).  Rule 15 also provides, "[i]n all other cases," amendment requires either opposing parties' written consent or the court's leave, but "[t]he Court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Plaintiff's entitlement to amendment

---

[2] As discussed below, the Court's leave to file the amended complaint in no way limits ATS's ability to seek dismissal of that claim by subsequent motion.

as a matter of course depends upon its argument about the effectiveness of service of ATS's motion to dismiss on its state-court counsel. *See* doc. 8 at 3-6. The Court expresses no opinion on the merit of that argument. The Court also recognizes that there has been no consent. Since the Court finds that leave to amend is warranted, pursuant to Rule 15(a)(2), the issue is moot.

Generally, Rule 15 effects courts' preference for adjudication of claims on their merits. *See, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). Nevertheless, leave to amend may be denied "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryand v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). No party here contends that there has been any undue delay or that amendment would cause prejudice. The only basis asserted for denying leave to amend is futility. "[D]enial of leave to amend is justified by futility when 'the complaint as amended is

still subject to dismissal.'" *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (citation omitted).

Demase does not contend that the amendment is futile, *in toto*. It argues that because "the proposed First Amended Complaint still includes a breach of contract claim against [Demase]," which is preempted by the Carmack Amendment, leave to amend should be denied. *See* doc. 23 at 1-2. Plaintiff responds that, because its breach of contract claim against Demase is based on a theory that it is a third-party beneficiary to the contract between ATS and Demase, the breach of contract claim is not subject to dismissal on preemption grounds. *See* doc. 26 (incorporating arguments in response to Demase's Motion to Dismiss); doc. 25 at 5-8. Alternatively, it argues that the breach of contract claim is subject to the statute's "savings clause," at 49 U.S.C. § 13103. Doc. 25 at 8. Without expressing any view on the merits of those arguments, they are colorable.

Put simply; Demase's argument depends upon whether an amendment is futile when a portion of an amended complaint, but not the complaint as a whole, is subject to dismissal. "In some circumstances, it may be preferable for the Court to consider the futility of a proposed amendment on a claim-by-claim basis." *Teran v. GB Intern. S.P.A.*, 2012

WL 1435300, at *2 (D. Kan. Apr. 25, 2012).  Where amendment is sought early in a case, however, and defendants would retain their opportunity to test the legal sufficiency of a claim through a motion under Rule 12(b), "[a]llowing the filing of an amended complaint . . . comports with the liberal amendment policy of [Rule 15], without prejudice to anyone opposing the amendment."  *Id.*; *see also Johnston v. Prairie View, Inc.*, 2019 WL 5291174, at *4 (D. Kan. Oct. 18, 2019) ("Permitting the filing of the proposed amendment 'comports with the liberal amendment policy of Fed. R. Civ. P. 15(a)' where Defendants may later challenge the claim . . ." (citation omitted)).  The Court finds such a holistic approach persuasive.

The particular claim at issue only emphasizes the prudence of the holistic approach.  Plaintiff's original breach of contract claim against Demase is vague.  *See* doc. 1-1 at 9.  It alleges that Demase "was a subcontractor of ATS," refers to "[s]aid agreement," without clear antecedent, and that "ATS[, *not* Demase] has breached [']said Supplemental Agreement['] . . . ." *Id.*  The incorporated document—which is the only indication of what "said agreement" is—includes a Bill of Lading from plaintiff, under its d/b/a Georgia Transformer, and a Straight Bill of Lading from Demase.  *See* doc. 1-1 at 18-20.  The terse allegations

8

and attached documents might reasonably be construed as alleging that an agreement between plaintiff and Demase was breached, albeit somehow by ATS. The proposed amended complaint clarifies that "ATS executed the Demase Straight Bill of Lading," which corresponds to a portion of the documents incorporated into the original complaint. *See* doc. 8-1 at 10, ¶ 48. *Compare* doc. 1-1 at 18-20 ("Exhibit B"), *with* doc. 8-4 at 2 ("Exhibit C"). The proposed amendment further alleges that "Demase[, *not* ATS,] breached" the relevant agreement. *See* doc. 8-1 at 11, ¶ 54. Finally, the proposed amendment adds the allegation that plaintiff "is a third[-]party beneficiary," of, and not a party to, the relevant agreement. *Id*. at 10, ¶ 51. The breach of contract claim that Demase sought to dismiss on preemption grounds, therefore, is at least facially different from the breach of contract claim in the proposed amendment. Plaintiff argues, and cites supporting case law for the proposition that, the difference between a breach of contract claim and a third-party beneficiary claim makes a difference for the preemption analysis. *See* doc. 25 at 7-8. Demase's argument that plaintiff's breach of contract claim is preempted is, therefore, much better resolved in the context of a motion to dismiss the amended claim than in opposition to a motion to amend.

Plaintiff's motion to amend its complaint is, therefore, **GRANTED**. Doc. 8. Since the plaintiff is permitted to amend its complaint, the motions to dismiss the original complaint are **DISMISSED** as moot. Docs. 5 & 6. As those motions are dismissed, the Motion to Stay pending their disposition is also **DISMISSED** as moot. Doc. 40.

Plaintiff is **DIRECTED** to file the Amended Complaint within seven days of the date of this Order. Upon filing of the Amended Complaint, the parties are **DIRECTED** to confer and identify available dates for a Status Conference before the undersigned to discuss scheduling discovery and further motions practice in this case. Proposed dates for that conference must be communicated to the undersigned's courtroom deputy clerk within fourteen days. All deadlines in this case, including both the deadline to respond to discovery requests and the deadline to respond to the Amended Complaint are **STAYED**, pending that Status Conference. *See* Fed. R. Civ. P. 15(a)(3) (fourteen-day response period applies, "[u]nless the court orders otherwise"), Fed. R. Civ. P. 33(b)(2) ("A shorter or longer time [to respond to interrogatories] may . . . be ordered by the court."), Fed. R. Civ. P. 34(b)(2)(A) (same requests to produce documents), Fed. R. Civ. P. 36(a)(3) (same for requests for admissions). At that

conference, the Court will also expect that the parties are prepared to discuss whether defendant Bay Crane's motion to dismiss, doc. 21, and plaintiff's motion to strike that motion, doc. 22, are moot, given Bay Crane's opportunity to respond to the amended pleading.

**SO ORDERED,** this <u>31st</u> day of August, 2020.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

11